FILED
April 13, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002556384

HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: aavery@hsmlaw.com

Attorneys for
THOMAS A. ACEITUNO,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>JERROLD E. ARBINI,<br><br>Debtor. | Case No.: 08-32461-C-7<br>DC No.: HSM-008<br>Date: May 11, 2010<br>Time: 9:30 a.m.<br>Place: 501 I Street,<br>Sacramento, CA<br>Ctrm. 35, 6th Flr.<br>Judge: Christopher M. Klein |

**TRUSTEE'S MOTION FOR APPROVAL OF SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, AND FOR ALLOWANCE OF COMPENSATION TO REAL ESTATE BROKER**

THOMAS A. ACEITUNO, the duly appointed Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of JERROLD E. ARBINI ("Debtor"), Case No. 08-32461-C-7, files this Trustee's Motion for Approval of Sale of Real Property Free and Clear of Liens, and for Allowance of Compensation to Real Estate Broker (the "Motion"), as follows:

1. This case was filed as a voluntary Chapter 11 case on September 2, 2008.

2. The Trustee was appointed Chapter 11 Trustee in this case by order filed on March 18, 2009.

3. The case was converted to one under Chapter 7 at the hearing held on July 14, 2009 (the "Conversion"). The order converting this case was filed by the court on July 17, 2009.

4. The Trustee was appointed as the Chapter 7 Trustee on July 20, 2009, and continues to serve in that capacity.

5. Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. § 363(b) and (f); and the reference to this court by the District Court for the Eastern District of California.

6. The property that is the subject of this Motion consists of all of the bankruptcy estate's right, title, and interest in and to real property of the estate, consisting of 79.6 acres of walnut orchards on Emerson Road, Saron Fruit Colony Area, located in or near the City of Red Bluff, Tehama County, California, and identified by APNs 009-450-03, 04, 24, and 27 (the "Property").

7. The Trustee and Marvin W. Lawrence ("Lawrence") have entered into a Vacant Land Purchase Agreement and Joint Escrow Instructions dated January 29, 2010, as amended by an executed Counteroffer dated February 5, 2010 (collectively, the "Purchase Agreement"), a true and correct copy of which is attached as Exhibit "A" to the Exhibits Cover Sheet filed and served with this Motion. Pursuant to the terms of the Purchase Agreement, described in greater detail below, Lawrence shall pay $240,000.00 ("Purchase Price") for the estate's interest in the Property.

8. The Debtor's valuation of the estate's interest in the Property, as set forth in the Debtor's Amended Schedule A, filed September 21, 2009, was $1,200,000.00. However, the Trustee, through his real estate broker Re/Max Top Properties, and specifically Ken Robison of said firm ("Broker"), has marketed the Property over the past nine (9) months and has received only one offer to purchase the Property. The lack of interest in the Property is due in large part to the fact that the Property appears to be landlocked, without a recorded easement for ingress and egress. The Trustee is informed that the Buyer owns property adjacent to the Property, thus resolving the access issue.

9. The material terms of the Purchase Agreement are as follows:

a. Provided that Lawrence is the successful buyer of the Property at the conclusion of the hearing on this Motion, Lawrence will pay the estate the sum of $240,000.00

K:\Aceituno, Thomas A\Arbini, Jerrold E (7261-0003)\pldg approval sale orchard prop (hsm08) mtn.wpd

and close escrow within thirty (30) calendar days of the Court's order approving this Motion;

  b. The Trustee, on behalf of the estate, will sell to Lawrence all of the estate's interest in the Property, free and clear of liens, interests and encumbrances, as set forth in greater detail below;

  c. Within two (2) business days of execution of the Purchase Agreement, Lawrence shall deposit into escrow a deposit (the "Deposit") in the amount of $5,000.00. The Trustee acknowledges that the Deposit has been deposited into escrow.

  d. Lawrence shall provide documentation to the Trustee of his non-revocable qualification for financing acceptable to the Trustee at least seven (7) days prior to the date set for hearing on this Motion;

  e. The Trustee, on behalf of the estate, will cause this Motion and all papers related thereto to be filed and served and set a hearing on this Motion as soon as possible;

  f. The sale of the Property will be on an "as is," "where is," basis, with no representations or warranties, express or implied, with respect to such Property;

  g. The sale of the Property is subject to overbidding. The Trustee proposes that the initial overbid be $245,000.00 and subsequent overbids, if any, be in increments of $5,000.00;

  h. If there is no overbidding for the Property at the hearing on this Motion, or if Lawrence is the highest bidder for the Property at the hearing on the Motion, or if the highest bidder for the Property at the hearing on this Motion fails to close escrow for the sale of the Property within thirty (30) calendar days of the Court's order approving this Motion, and Lawrence wishes to proceed to purchase the Property, the Deposit shall be applied to the purchase price or the highest price bid by Lawrence at the hearing on the Motion, whichever is greater; and,

  i. The proposed sale of the Property and the Purchase Agreement are subject to bankruptcy court approval through the granting of this Motion.

  10. Based upon the Trustee's review of a preliminary title report prepared by Fidelity National Title Company, dated as of February 8, 2010, a true and correct copy of which is

attached as Exhibit "B" to the Exhibits Cover Sheet filed and served with this Motion (the "Prelim"), the Property is subject to the following liens and encumbrances:

        a.     Liens for delinquent real property taxes, including penalties and interest thereon, of approximately $27,700.00;

        b.     Recorded liens in favor of the United States of America filed by the Internal Revenue Service ("Service"), of approximately $1,659,218.00;

        c.     Recorded liens in favor of the State of California Franchise Tax Board, of approximately $68,657.00; and,

        d.     A recorded abstract of judgment in favor of Ben's Truck & Equipment, Inc. ("Ben's Truck & Equipment"), of approximately $76,988.00 (the holders of the various liens and encumbrances are collectively referred to as the "Existing Lienholders").

11.    Pursuant to 11 U.S.C. § 363(f)(2), the Trustee may sell property of the estate: "free and clear of any interest in such property of an entity other than the estate, only if . . . such entity consents[.]"

12.    As required by Lawrence, the proposed sale of the Property shall be free and clear of liens, interests and encumbrances, pursuant to 11 U.S.C. § 363(f)(2). The Trustee anticipates obtaining the consent of the Existing Lienholders to the sale of the Property free and clear of their liens, with such liens attaching to the net sale proceeds, subject to whatever defenses may exist to the claims and/or liens, and subject to any agreed-upon carve-outs and/or surcharges as may be ordered pursuant to 11 U.S.C. § 506(c). Because the liens in favor of the Service are substantially greater than the Purchase Price for the Property, the Trustee anticipates obtaining the consent of the Service to a carve-out from the net sales proceeds for the allowed Chapter 11 and Chapter 7 administrative expenses of the Trustee and his professionals, including costs of sale, and the Broker's commission of six percent (6%) of the purchase price of the Property at the close of escrow. Further, the Trustee anticipates that any carve-outs will include some funds for the estate beyond administrative expenses.

13.    The Trustee proposes that any persons or entities wishing to bid on the Property be required to first become a qualified overbidder ("Qualified Overbidder") in the manner set

forth below, prior to the commencement of the hearing on the Motion. Any person or entity wishing to become a Qualified Overbidder must deliver to the Trustee a non-refundable deposit in the amount of $5,000.00 (the "Overbidder Deposit"), in the form of cash, cashier's check or money order made payable to "Thomas A. Aceituno, Chapter 7 Trustee of the Jerrold E. Arbini Bankruptcy Estate," which will be applied to the purchase price for the Property if the overbidder is the successful purchaser following the hearing on the Motion, and demonstrate to the Trustee the ability to close escrow within thirty (30) calendar days of the Court's order approving this Motion. Such demonstration shall include, without limitation, providing either overbidder qualification for financing acceptable to Trustee and sufficient to pay the purchase price for the Property no later than seven (7) days prior to the hearing, or proof of the ability of the overbidder to fund payment of the purchase price in cash. If the successful overbidder fails to consummate the sale or otherwise breaches its obligations and/or covenants to the Trustee and the estate, the Overbidder Deposit shall be non-refundable. If Lawrence is the high bidder, he shall pay the greater of his high bid or $240,000.00 for the estate's interest in the Property. In the event that a third party outbids Lawrence, and the Trustee receives full payment for the Property within thirty (30) calendar days of the Court's order approving this Motion, or at such other time as the Court may provide, the Purchase Agreement shall be of no further effect. The third party high bidder must purchase the Property on identical terms to those set forth in the Purchase Agreement, subject to any modifications ordered by the court. If full payment from the high bidder is not received within thirty (30) calendar days of the Court's order approving this Motion, and Lawrence elects to be approved as a backup buyer, Lawrence shall be obligated to pay his highest bid for the Property.

14. The Trustee further requests, as part of this Motion, allowance of the Broker's commission totaling six percent (6%) of the Purchase Price, and that such commission and other reasonable and necessary costs and expenses of closing be paid through escrow. The Trustee's application to employ Broker as Trustee's real estate broker was granted on September 11, 2009. The Trustee submits that the commission to be paid to the Broker is reasonable under the circumstances.

15. In light of the Property's access issues, and due to the depressed market for real estate transactions, the Trustee has concluded that the Purchase Price and terms are fair and reasonable and in the best interests of the bankruptcy estate. The fact that only one offer has been received for purchase of the Property after nine (9) months of active marketing efforts strongly suggests that the Purchase Price is appropriate. The public auction aspect of this Motion is designed to elicit higher offers from interested buyers.

**WHEREFORE,** the Trustee respectfully requests the Court enter an order authorizing him to: 1) sell the Property to Lawrence on the terms and conditions set forth above and in the Purchase Agreement, or alternatively to the successful bidder(s) at the hearing on the Motion, on the terms and conditions approved by the Court, free and clear of liens, interests and encumbrances, with the liens, interests and encumbrances of secured creditors attaching to the proceeds of sale as described above; 2) sell the Property on an "as is," "where is," basis, with no representations or warranties, express or implied, with respect to the Property; 3) sign any and all documents that may be appropriate and/or necessary to consummate the sale; and, 4) pay the Broker's commission totaling six percent (6%) of the Purchase Price, the property taxes, and other reasonable and necessary costs and expenses of closing, through escrow. The Trustee further requests that the order provide for the Trustee's retention of all net sale proceeds for subsequent distribution in accordance with the Bankruptcy Code and orders of the Court

Dated: April 13, 2010

HEFNER, STARK & MAROIS, LLP

By /s/ Aaron A. Avery
Aaron A. Avery, Attorneys for
THOMAS A. ACEITUNO, Chapter 7 Trustee